FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER MARIE AYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 14-128 ERIE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge.

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Jennifer Marie Ayers ("Ayers") filed an application for disability insurance benefits ("DIB")

and supplemental security income ("SSI) in November of 2010, alleging a disability beginning on

December 18, 2009. (R. 15) The claims were denied on January 26, 2012 and, pursuant to her

request, a hearing was held on January 17, 2013. (R. 26) Ayers testified at a video hearing. The

ALJ denied the claim by written decision dated February 6, 2013. [1] (R. 14) Ayers requested

review by the Appeals Council, which was denied. She then brought this action seeking judicial

review pursuant 42 U.S.C. § 405(g).

Before the Court are Cross-Motions for Summary Judgment. (Docket Nos. [8] and [11]).

Both parties have filed Briefs in Support of their Motions. (Docket Nos. [9] and [12]). After

careful consideration of the submissions of the parties, and based on my Opinion set forth

below, the ALJ's decision is affirmed.

**I. BACKGROUND**

---

[1] The ALJ did conclude that Ayers had acquired sufficient quarters to remain insured with respect to the claim for
disability insurance benefits, through December 31, 2013. (R. 16).

Ayers was born on January 13, 1972 and was 40 years old at the time of the hearing. (R. 29-30) She has a high school education and has worked in the past at a supermarket, as a nurse in a nursing home and in a hospital. (R. 30) Ayers is a practical nurse. (R. 30) She stopped working because of an injury to her back sustained while transferring a patient. (R. 31) She received worker's compensation benefits for a two month period following her injury. The benefits were terminated, however, once an independent medical examiner determined that Ayers was capable of going back to work. (R. 35) Ayers testified during the hearing that she is unable to do household chores such as shopping, cooking or cleaning. (R. 39-40) Her family members help her in this regard. Ayers contends that the pain in her back has not abated despite physical therapy, a series of spinal injections, a TENS unit, and medication. (R. 40) Although she maintains her driver's license, she finds it difficult to drive. (R. 47) She also complains of various side effects from her medications such as drowsiness, loss of balance, memory problems and restlessness. (R. 47)

As stated above, the ALJ concluded that Ayers has not been under a disability within the meaning of the Social Security Act since December 18, 2009. (R. 16) Specifically, although the ALJ found that Ayers had not engaged in any substantial gainful activity since the onset date, and that her back pain, shoulder impingement, and chronic diffuse body pain qualified as severe impairments, he concluded that those impairments or combinations thereof do not meet or medically equal one of the listed impairments. (R. 19) The ALJ determined that Ayers had the residual functional capacity to perform the full range of sedentary work. (R. 19-22)

Ayers attacks the ALJ's decision in two respects. First, Ayers takes issue with the weight accorded her treating source. Second, Ayers faults the ALJ for failing to elicit vocational evidence under the fifth step of the sequential process. For the reasons set forth below, I find each argument unpersuasive.

## II. LEGAL ANALYSIS

**A)     Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

3

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B)      Discussion**

1.      Medical Sources

Ayers objects to the manner in which the ALJ considered the medical evidence from her medical sources. The longstanding case law within this Circuit is that the report of a treating physician should be accorded greater weight than that of a non-examining consultant. *Brownawell v. Comm'r. of Soc. Sec.*, 554 F.3d 352, 357 (3d Cir. 2008). This is true particularly if that physician's treatment record or opinion "reflects expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000), *quoting*, *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). Indeed, "[i]t is axiomatic that the Commissioner cannot reject the opinion of a treating physician without specifically referring to contradictory medical evidence." *Moffatt v. Astrue*, 2010 U.S. Dist. LEXIS 103508 at * 6 (W.D. Pa. 2010). If a "treating source's opinion as to the nature and severity of a claimant's impairments is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in

4

[the] case record,' it will be given 'controlling weight.'" *Wiberg v. Colvin*, Civ. No. 11-494, 2014 WL 4180726 at * 21 (D. Del. Aug. 22, 2014), *quoting*, 20 C.F.R. § 404.1527(c).That is, unless there is contradictory evidence, an ALJ may not reject a treating physician's opinion. An ALJ's own credibility judgments, speculation or lay opinion is not sufficient. *Wiberg*, 2014 WL 4180726 *citing, Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000).

Here, Ayers contends that the ALJ "failed to identify any medical evidence to contradict the findings and opinion of the Claimant's treating source." *See ECF No*. [9], p. 11. Ayers' reference the "treating sources' opinions" is disingenuous at best. The only medical record supporting Ayers' contention that she is disabled, and indeed the only evidence Ayers identifies,[2] comes from a form filled out by Danielle Gregoire, the physician's assistant. A physician's assistant is not considered an "acceptable medical source." *See Hearn v. Colvin*, Civ. No. 13-1229, 2014 WL 4793954 at * 10 (M.D. Pa. Sept. 24, 2014). The "treating physician rule" only applies to physicians. *Hearn*, 2014 WL 4793954 at * 11. Certainly an ALJ must still consider and explain the weight accorded to the opinions of physicians assistants. *Barnhart v. Colvin*, Civ. No. 14-767, 2015 WL 778334 at * 9 (M.D. Pa. Feb. 24, 2015), *citing,* 20 C.F.R. §§ 404.1512, 404.1513(d); 20 C.F.R. §§ 416.912, 416.913(d); SSR 06-03-P, 2006 WL 2329939 at * 6. Significantly, however, such opinions "cannot establish the existence of impairment." *Barnhart*, 2015 WL at * 9. Rather, the opinions "may be used as benchmarks to assess the credibility of a claimant's testimony about the intensity, persistence, and limiting effects of his or her impairments or in evaluating the weight of opinions by 'acceptable medical sources.'" *Id*. (citations omitted). Indeed, "it has been held that an ALJ may properly elect to follow[] the consultative opinion of a non-examining physician who reviews a claimant's medical records over treating physician assistant opinions, provided the ALJ adequately explains the grounds for this determination." *Hearn*, 2014 WL 4793954 at * 11, *citing, Weaver v. Astrue*, 353 F. App'x.

---

[2] See ECF No. [9], p. 10.

151, 152 (10th Cir. 2009).

Gregoire's conclusion that Ayers' medical condition precludes her from working a single day in a 5 day work week is not supported by any other acceptable medical testimony. For instance, as the ALJ noted, Dr. Singh, who performed a disability evaluation of Ayers in January of 2012, did not identify any work-related restrictions. (R. 20, 311-314). Additionally, a state agency physician who reviewed Ayers' claim for benefits indicated that she had the residual functional capacity to lift and carry up to 10 pounds frequently and to sit, stand and/ or walk approximately 6 hours in an 8 hour workday. (R. 53-55)

Further, as the ALJ noted, the objective diagnostic tests do not support the conclusion of disability. (R. 21) The October 2009 MRI of Ayer's lumbar spine revealed "degenerative type changes" but no "evidence of acute fracture or subluxation." (R. 213) There was also evidence of "mild" disc bulges but without evidence of frank herniation and the canals were within normal limits. (R. 213) A subsequent MRI of the cervical spine performed in November of 2011 yielded similar findings. The intervertebral disc space was largely normal, with only "a slight bulging disc not causing appreciable impingement" at C6-C7. (R. 309) A November 2011 MRI of the lumbar spine revealed "[d]iscogenic changes at L1-2 not causing any appreciable impingement. Otherwise unremarkable examination." (R. 310) An MRI performed on Ayer's left shoulder in March of 2012 indicated degenerative joint disease, but no evidence of fracture and "[n]o acute disease." (R. 333-34) Additionally, in November of 2012 Ayers presented to Dr. Kalliopi Nestor, a physical medicine and rehabilitation specialist, because of chronic pain from fibromyalgia. (R. 357) Dr. Nestor observed that, despite Ayers' complaints of chronic pain, Ayers did not appear to be in any apparent distress. (R. 357) Further, she was able to ambulate with a normal gait and her strength was 4/5 in bilateral upper and lower extremities. (R. 357) Dr. Nestor advised Ayers to "be as active as possible" and restricted her only from "heavy lifting." (R. 358)

The ALJ also observed that the conservative approach to treatment belied any

conclusion that Ayers is unable to perform the requirements of sedentary work. (R. 21) Ayers was initially treated with pain medication and physical therapy. (R. 30-31) She was also prescribed a TENS machine and has had spinal injections. (R. 37-39) There is no indication that anyone ever suggested surgery or some other more radical treatment. Further, the records from physical therapy indicate that, at the time of discharge, Ayers had achieved her goals and gained the "[m]aximum benefit from services." (R. 220) Indeed, the therapist noted that Ayers was "doing well." (R. 220)

Consequently, I find that the ALJ appropriately weighed the medical evidence presented by Ayers. His decision is supported by substantial evidence of record.

### 2. Vocational Testimony

Ayers also contends, in a one paragraph argument, that the ALJ erred by failing to elicit vocational testimony in the fifth step of the sequential analysis. *See ECF Docket No*. [9], p. 12. Ayers' argument in this regard is based upon the contention that "the only medical opinion of record limits the Plaintiff to less than sedentary employment." *See ECF Docket No*. [9], p. 12. As stated above, however, the ALJ's conclusion that Ayers is not limited to less than sedentary employment is supported by substantial evidence of record. Consequently, I reject Ayers' argument in this regard as unpersuasive and undeveloped.

### III. CONCLUSION

After a thorough review of the record and careful consideration of Ayers' arguments, I find that no error. The ALJ's decision is hereby affirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER MARIE AYERS,             )
                                      )
       Plaintiff,                  )
                                      )
   -vs-                   )          Civil Action No.  14-128 ERIE
                                      )
CAROLYN W. COLVIN,           )
COMMISSIONER OF SOCIAL SECURITY,  )
                                      )
       Defendant.          )

AMBROSE, Senior District Judge.

# **ORDER OF COURT**

Therefore, this  9th day of March, 2015, it is ordered that Plaintiff's Motion for

Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary

Judgment (Docket No. 11 ) is granted.

It is further ordered that the decision of the Commissioner of Social Security is

hereby affirmed.


                          BY THE COURT:

                          /s/ Donetta W. Ambrose
                          Donetta W. Ambrose
                          United States Senior District Judge